1  ATTORNEY DEBT SOLUTIONS, PC
2  U. MEHI AHOLELEI-AONGA, ESQ.
   NVSB # 9743
3  241 RIDGE STREET, SUITE 220
   RENO, NV 89501
4  TEL: 775.827.9600
   FAX: 775.324.2886
5  EMAIL: MEHIA@ATTORNEYDEBTSOLUTIONS.COM
6
   Attorneys for Debtors
7  ERIN MALIA MCGRAW
8
9                       UNITED STATES BANKRUPTCY COURT
10                             DISTRICT OF NEVADA
11                              RENO DIVISION
12
   In re:                              Case No.: 08-51815-GWZ
13
14 ERIN MALIA MCGRAW                   In Chapter 13

15                                     **OPPOSITION TO MOTION FOR RELIEF
                                       FROM AUTOMATIC STAY**
16
17                                     Hrg. Date: October 9, 2009
                                       Time:      1:30 PM
18              Debtors.               Est. Time: 5 Mins.
19  ─────────────────────────/

20         TO: THE HONORABLE UNITED STATES BANKRUPTCY COURT JUDGE; THE
21  UNITED STATES TRUSTEE; CHAPTER 13 TRUSTEE; CREDITORS; AND TO ALL OTHER
22  INTERESTED PARTIES:
23         Debtor ERIN MALIA MCGRAW, by and through her counsel of record, ATTORNEY
24  DEBT SOLUTIONS, P.C., opposes the Motion for Relief from Automatic Stay ("Motion") filed by
25  LITTON LOAN SERVICING ("Creditor" or "Litton") based on the following Points and
26  Authorities, Declaration of Erin M. McGraw and the exhibits attached thereto, the record before the
27  Court, and any other evidence that may be received at a hearing on this matter.
28  ///

## POINTS & AUTHORITIES

### *Brief Procedural History*

1. On September 29, 2008, Debtor filed her current Chapter 13 Petition with the Bankruptcy Court in the District of Nevada ("Court").

2. On or about October 23, 2008, Debtor filed her Chapter 13 Plan ("Plan") with the Court. Later, on or about December 15, 2008, Debtor filed an amended Plan. Both plans anticipated that Debtor would make payments on her first mortgage directly to the Creditor.

4. Since then, Debtor has consistently made payments on her Chapter 13 Plan and paid her first mortgage outside of the Plan.

### *Argument*

Creditor's Motion must be denied. Creditor seeks to lift the federal automatic stay based upon Debtor's alleged delinquency on payments. In its Motion, Creditor contends that Debtor had not paid for the months of June through September, 2009. However, such an allegation is certainly not the case and as of the date of this Opposition, Debtor is current on her payments to Creditor.

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

Section 362(g) places the burden of proving that the debtor lacks equity in the property on the moving party, while the non-moving party bears the burden of proof on all other issues. Bankruptcy Code §362(g); *see In re Bialac,* 712 F.2d 426, 432 (9th Cir. 1983).

As of the date of the filing of Creditor's Motion, Debtor had paid for the month of June, as evidenced by a statement dated August 14, 2009 received by Debtor. Declaration of Erin M. McGraw, ("McGraw Dec") at ¶¶3-4 and Exhibit "A" attached thereto and incorporated herein. On the date of the filing of Creditor's Motion, September 10, 2009, Debtor made another payment, for the month of July, 2009, in the amount of $1,962.19. *Id.* at ¶5 and Exhibit "B" attached thereto and

incorporated herein. Thereafter, on September 14, 2009, Debtor made another payment in the amount of $1,967.99 for the month of August, 2009. *Id.* at ¶6 Finally, on September 24, 2009, Debtor made another payment to cover the month of September. *Id.* at ¶7. Thus, as of this writing, Debtor is current on her obligations to Creditor, and lifting of the stay at this juncture is unnecessary because Creditor's interest is adequately protected. However, in the event Creditor requests an adequate protection order or the like, Debtor is amenable to such.

Creditor seeks its attorney fees and costs in bringing the Motion. Debtor objects to this request as Creditor does not provide any basis for such an award, and therefore, Debtor requests that the Court deny such a request.

### *Conclusion*

Debtor wants to retain her residence, and will do whatever necessary to accomplish that goal. Consequently, Debtor respectfully requests that the Court deny Creditor's Motion.

Dated this 28 day of September, 2009.    ATTORNEY DEBT SOLUTIONS, P.C.

By: _____
U. Mehi Aholelei-Aonga, Esq.
Attorneys for Erin Malia McGraw

3